IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br><br>Plaintiff,<br><br>v.<br><br>CLINTON BAYS,<br><br>Defendant.<br>_____ | )<br>)<br>)  CRIM. No. 08-050-S-BLW<br>)<br>)<br>)  MEMORANDUM DECISION<br>)  AND ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

## INTRODUCTION

The Court has before it a motion to dismiss and a motion for a *Franks* hearing.  The Court heard oral argument on April 29, 2008, taking the *Franks* motion under advisement and denying the motion to dismiss.  For the reasons expressed below, the Court will deny the motion for a *Franks* hearing.  The Court will also expand on its reasons for denying the motion to dismiss.

## ANALYSIS

**1.    <u>Motion to Dismiss</u>**

The Supreme Court is presently considering the scope of the Second

**Memorandum Decision & Order – page 1**

Amendment, but has not yet issued its decision.  The Court is presently bound by

*Silveira v. Lockyer*, 312 F.3d 1052 (9th Cir. 2002), and *Hickman v Block*, 81 F.3d

98 (9th Cir. 1996).  Both cases hold that individuals lack standing to raise a Second

Amendment challenge to a law regulating firearms.

Accordingly, the Court will deny the motion to dismiss without prejudice to

the defendant's right to re-file the motion if the Supreme Court issues a favorable

decision.

## 2.    <u>Motion for *Franks* hearing</u>

In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court held that

the Fourth Amendment entitles a defendant to challenge the validity of a search

warrant affidavit if the defendant makes a substantial preliminary showing that the

affiant "knowingly and intentionally, or with reckless disregard for the truth"

inserted a false statement in the warrant affidavit.  Relying on *Franks*, the Ninth

Circuit has held that to be entitled to a Franks hearing a defendant must (1) make a

substantial preliminary showing that the affidavit contained a misleading omission

or false statement resulting from a deliberate or reckless disregard of the truth and

(2) demonstrate that had there been no omission or false statement, the affidavit

would have been insufficient to establish probable cause.  *U.S v. Kyllo*, 37 F.3d

526, 529 (9th Cir.1994).

**Memorandum Decision & Order – page 2**

With regard to the first prong, the search warrant affidavit is presumed valid. *Franks*, 438 U.S. at 171.  To be entitled to an evidentiary hearing, defendant Bays must make a detailed offer of proof, pointing out specifically the portion of the warrant affidavit that is claimed to be false.  *Franks* requires that affidavits be furnished to support the offer of proof, or their absence satisfactorily explained.  Allegations of negligence or innocent mistake are insufficient.  *Id.*

To determine if the defendant has satisfied the first prong of the test, the Court will review the crucial paragraphs of Detective Berrier's affidavit.

**¶ 20 – Glass Meth Pipe**:

Boise City Detective Robert Berrier filed the Search Warrant Affidavit.  In ¶ 20 of that affidavit, Detective Berrier states that on August 29, 2007, he searched the trash can in front of defendant's home and found a glass meth pipe with residue in it.  Detective Berrier filed out a Property Invoice stating that he found the pipe in a "McDonalds Fry Container."

Defendant Bays filed his affidavit stating that (1) he went to McDonalds the day before the trash seizure, (2) he put his McDonalds fry container in the McDonalds bag and placed them in the trash bag, (3) he never put a glass meth pipe in the fry container, and (4) he checks his trash to make sure no confidential material from his accounting clients is there, and he saw no glass meth pipe in his

**Memorandum Decision & Order – page 3**

trash.  *See Second Affidavit of Bays.*

Bays' affidavit contains detailed and substantial assertions which would at least support an inference that the glass meth pipe was planted.  At this stage of the proceedings, the Court cannot weigh the credibility of Detective Berrier against that of defendant Bays, as the Court could do at the hearing.  Assuming the truth of Bays' assertions, the Court finds them substantial enough to ignore ¶ 20 from Detective Berrier's affidavit.

## ¶ 16 – Julie Thacker

Detective Berrier's affidavit contained a statement from Julie Thacker that Bays used meth and gave it to girls in return for letting him videotape them taking a shower.  This statement lacks specificity as to dates and times, and it is not clear whether Thacker's statements are made from personal knowledge or rumors.  In addition, Thacker's reliability is questionable since she was a suspect in a robbery that took place at the Bays' home, and may therefore have had a motive to make false statements about Bays.  Hence, the Court will ignore paragraph 16 of Detective Berrier's affidavit.

## ¶ 4,5,6,8,9, & 18 – Confidential Informant:

Detective Berrier's affidavit cites a Confidential Informant (CI) who states (among other things) (1) she has known Bays about a month and observed him

**Memorandum Decision & Order – page 4**

smoking meth on a regular basis, (2) saw meth in Bays' home along with digital scales, many pipes and other paraphernalia, (3) knew that Bays kept meth in a Tupperware container in the freezer, (4) Bays had guns in the house and had seen him carrying a firearm on different occasions; (5) rode with Detective Berrier and pointed out defendant's home to him; and (6) on August 28, 2007, received a phone call from Bays, who said he was traveling to Nampa with Gretchen Blair to pick up some "stuff," meaning meth.

Defendant Bays asserts that the CI is Dianne Mundell aka Cherry. He denies ever have smoked meth with Cherry, and says she could not have seen meth in his home. He also says Cherry could not have seen guns in his home or seen him carrying guns. However, his denial does not negate the possibility that Cherry could have made the statements to Berrier and that Berrier relied on them in good faith. Bays goes further, however, and submits the affidavit of Alika Desha, an investigator living in Hawaii, who interviewed Cherry. According to Desha, Cherry admitted that her past drug use affected her memory, but Desha observed her to be in control of her verbal senses and found her answers intelligent. Cherry took issue with (1) the last sentence in ¶ 5 of Detective Berrier's affidavit; (2) ¶ 6; (3) ¶ 9; and (4) ¶ 18.

Cherry asked Desha why Detective Berrier would put something down that

she did not say.  Desha asked if Cherry if she may have said the things in Detective Berrier's affidavit and simply did not recall or if she was positive that she did not say them.  Cherry responded that she was "pretty sure" that she did not say those things and that her memory was "sharp."

Of course, Desha's report of her interview with Cherry is hearsay, but so was Detective Berrier's report of her statements contained in his affidavit.  Assuming that Cherry's statements are substantial and detailed enough to warrant ignoring the paragraphs she refuted in Detective Berrier's affidavit, that would still leave the entirety of paragraph 4 and all of paragraph 5 except the last sentence.

In other words, Cherry takes no issue with the statements in Detective Berrier's affidavit that she "has been with Bays several times in the past month and has observed Bays smoking methamphetamine on a regular basis," and was inside Bays' home "two weeks ago" and observed "2 ounces of [meth], digital scales, packaging material, and many smoking pipes and items of paraphernalia."

While Bays denies smoking meth with Cherry and having drugs and scales in his home, Cherry herself did not deny making these statements to Detective Berrier, and his good faith reliance on her statements, even if they were lies, is not fatal to those paragraphs.  *See Franks,* 438 U.S. at 171-72.

The remaining statements in paragraphs 4 and 5, in combination with the

**Memorandum Decision & Order – page 6**

other unrefuted paragraphs, are sufficient to establish probable cause that there were drugs and drug paraphernalia in Bays' residence.  Thus, even ignoring those sections of Detective Berrier's affidavit that were questionable, enough remains to establish probable cause.  Accordingly, the Court will deny the motion for a *Franks* hearing.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 23) is DENIED without prejudice to the right of Bays to re-file the motion if the Supreme Court issues a favorable decision.

IT IS FURTHER ORDERED, that the motion for a *Franks* hearing (docket no. 15, part 2) is DENIED.

DATED:  **May 2, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 7**